UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>QUINTERIUS CHARLES CHAPPELLE,<br><br>Defendant. | 5:25-CR-50056-CCT<br><br>**DECISION & ORDER** |

Defendant Quinterius Charles Chappelle was initially charged by complaint on March 14, 2025, with second-degree murder. Docket 1. He thereafter retained Gina Ruggieri to represent him.[1] Docket 13. On March 20, 2025, Mr. Chappelle was charged by indictment with one count of first-degree murder in violation of 18 U.S.C. § 1111(a), an offense for which the death penalty is a permissible punishment. Docket 18. Mr. Chappelle filed an ex parte motion for the appointment of learned counsel pursuant to 18 U.S.C. § 3005. Docket 24. He specifically requests the appointment of James Castle, a capital defense attorney based out of Colorado, and attached Mr. Castle's curriculum vitae (CV) for the Court's review. *Id.* at 5; Docket 24-1. The Court

---

[1] Ms. Ruggieri related to this Court that Mr. Chappelle is indigent, Dockets 7, 8, and that his family paid the retainer fee for Ms. Ruggieri to represent him. She further stated that she is not aware whether the family would be able to continue to pay her fees after the retainer is exhausted.

1

held an ex parte hearing on the matter, Docket 26, and now issues the following decision and order.

Under § 3005, "[w]hoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried . . . *shall promptly*, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases[.]" 18 U.S.C. § 3005 (emphasis added); *see also Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 6: Federal Death Penalty and Capital Habeas Corpus Representations* (*CJA Guidelines*), § 620.10.10 (a) ("As required by 18 U.S.C. § 3005, *at the outset of every capital case*, courts should appoint two attorneys, at least one of whom is experienced in and knowledgeable about the defense of death penalty cases." (emphasis added)). Also relevant, under § 3599, "in every criminal action in which a defendant is charged with a crime which may be punishable by death, a defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services at any time . . . shall be entitled to the appointment of one or more attorneys[.]" 18 U.S.C. § 3599(a)(1).

The First Circuit Court of Appeals interpreted "promptly" to mean "learned counsel is to be appointed reasonably soon after the indictment and prior to the time that submissions are to be made to persuade the Attorney General not to seek the death penalty." *In re Sterling-Suarez*, 306 F.3d 1170, 1173 (1st Cir. 2002). As the court explained, "surely in death penalty litigation,

2

special learning in the law 'applicable to capital cases,' 18 U.S.C. § 3005, is likely to be especially useful in making and supporting arguments about mitigating and aggravating factors, primarily made at the stage when the Attorney General is determining whether or not to seek the death penalty and (still later) when the jury is determining the sentence." *Id.*

"In assigning counsel under [§ 3005], the court shall consider the recommendation of the Federal Public Defender organization[.]" 18 U.S.C. § 3005. Consistent with this requirement, the *Plan for the Adequate Representation of Defendants pursuant to the Criminal Justice Act of 1964, as Amended*, adopted by the United States District Court for the District of South Dakota (*CJA Plan*), provides that "[i]n federal capital prosecutions, the court will consider the recommendation of the Federal Public Defender." *CJA Plan* § III.B.1. The CJA Guidelines likewise provide that "[j]udges should consider and give due weight to the recommendations made by federal defenders and resource counsel." *CJA Guidelines* § 620.30.

Prior to the hearing, the Court consulted with Federal Public Defender Jason Tupman. Mr. Tupman also recommends the appointment of Mr. Castle as learned counsel based on Mr. Castle's extensive experience representing defendants in federal capital cases. Mr. Tupman provided the Court with Mr. Castle's CV and a Report from Federal Death Penalty Resource Counsel related to Mr. Castle's qualifications. Mr. Tupman also recommends the appointment of local attorney John Murphy. Mr. Murphy is the current Panel Representative for the District of South Dakota. He has served as co-counsel with Mr. Tupman

in a South Dakota federal capital habeas matter and has handled multiple state capital cases. Mr. Tupman represents that both Mr. Castle and Mr. Murphy are available and willing to accept this Court's appointment, should the Court so order.

Mr. Tupman further indicates that the Court could appoint the Federal Public Defender's Office (the Office) to be third counsel on this matter, noting that the CJA Plan permits the appointment of more than two attorneys if necessary for the adequate representation of the defendant. *CJA Plan* § III.B.1. He relates that such an appointment would benefit the representation of Mr. Chappelle by allowing learned and local counsel to rely on the Office for mitigation specialists, research and writing, experts, and investigators. Mr. Tupman particularly notes that although there is a significant shortage of investigators in this area, the Office has an investigator that can provide services immediately.

Having considered the information received and recommendation of Federal Public Defender Tupman, the Court concludes that Mr. Castle is qualified and appropriate to serve as learned counsel. The materials submitted to the Court show that Mr. Castle is highly experienced as a capital litigator. He has taken over 100 cases to trial and has defended over 50 murder prosecutions, including successfully defending 16 death penalty cases. He is also recognized nationally as a capital defense attorney, having represented defendants in multiple states, including Colorado, Idaho, Hawaii, New Mexico, and Indiana. The Court notes that there is no attorney within the District of

South Dakota qualified to serve as learned counsel. Therefore, the Court appoints Mr. Castle as learned counsel.

The Court further determines that Mr. Murphy is qualified and appropriate to serve as second counsel based on his past experience in state death penalty cases and a federal habeas capital case. The Court also considers Mr. Murphy's role as the CJA Panel Representative for this District and Mr. Tupman's representation that Mr. Murphy is familiar with the mitigation process and would be an effective member of Mr. Chappelle's defense team.

Finally, pursuant to the Court's authority under the District's CJA Plan, the Court concludes it is necessary at this juncture to appoint the Federal Public Defender's Office, Jason Tupman in particular, as additional counsel. *See CJA Plan* § III.B.1 (providing that "[u]nder 18 U.S.C. § 3599(a)(1)(B), if necessary for adequate representation, more than two attorneys may be appointed to represent a defendant in such a case"). A federal capital case is particularly significant in that it implicates special procedures and the stakes are of the highest kind—irreversible. The Court believes it is necessary to Mr. Chappelle's representation to utilize the resources, such as mitigation experts, research and writing, and investigation, available through Mr. Tupman's representation, especially during the mitigation phase wherein it will be determined whether the Government will seek the death penalty.

Accordingly, it is hereby

ORDERED that Mr. Chappelle's ex parte motion, Docket 24, for the appointment of James Castle as learned counsel is granted. It is further

ORDERED that John Murphy is appointed as local, second counsel. It is further

ORDERED that the Federal Public Defender Office for the Districts of South Dakota and North Dakota, Jason Tupman, is appointed as additional counsel.

Dated April 11, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE
