UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>QUINTERIUS CHARLES CHAPPELLE,<br><br>Defendant. | 5:25-CR-50056-CCT<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Defendant Quinterius Chappelle is before the court on an indictment charging him with Second Degree Murder. See (Doc. 1). Mr. Chappelle has filed a motion to suppress evidence. See (Doc. 76). The United States ("government") resists the motion. See (Doc. 81). This matter has been referred to this magistrate judge to recommend a disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**DISCUSSION**

Defendant moves to suppress evidence obtained from a series of search warrants served upon: 1) Apple Inc.; 2) Twitter/X; 3) Google; 4) Snap Chat; 5) Facebook/Instagram/Meta; and 6) Midcontinent Communications. (Doc. 76 at pp. 4–16). Defendant alleges that the search warrants were not issued upon probable cause "sufficient to create a fair probability that evidence of a crime

will be found in the place searched." Id. at p. 3 (citing *United States v. Green*, 954 F.3d 1119, 1123 (8th Cir. 2020)). Defendant also argues that the search warrants do not fall within the *Leon* good faith exception discussed in *United States v. Leon*, 468 U.S. 897, 922–23 (1984). Id. at p. 6.

In response to the Defendant's Motion to Suppress, the government represents that it will not present any evidence at trial from the state warrants that are the subject of the Defendant's Motion to Suppress. (Doc. 81 at p. 1). Furthermore, the government requested that the motion be denied as moot. Id. at p. 2. Upon further inquiry of counsel regarding presentation of evidence obtained from the search warrants specific to tracking/CAST/location, the government stated that tracking/CAST/location evidence was not obtained from information returned from the search warrants subject to Defendant's Motion to Suppress.

## **CONCLUSION**

Accordingly, based upon the briefing and representations of counsel for both parties, it is respectfully recommended that Defendant's Motion to Suppress (Doc. 76) be granted and that an order be issued that no evidence obtained from the above referenced search warrants be introduced in evidence without prior notice to the court by the government.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 13th day of April, 2026.

BY THE COURT:

_____
MARK W. HAIGH
United States Magistrate Judge