UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>QUINTERIUS CHARLES CHAPPELLE,<br><br>Defendant. | 5:25-CR-50056-CCT<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO SUPPRESS** |

This matter is before the Court on the Government's objection, Docket 83, to the Report and Recommendation, Docket 82, issued by Magistrate Judge Mark Haigh on Defendant Quinterius Charles Chappelle's motion to suppress, Docket 76.

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Federal Rule of Criminal Procedure 59. Because motions to suppress evidence are considered dispositive matters, the Court reviews de novo objections to the magistrate judge's recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980). Under this review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Cim. P. 59; *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

1

The Government's objection in this case boils down to whether Magistrate Judge Haigh erred when he determined that Mr. Chappelle's motion to suppress should be *granted* rather than *denied* as *moot*. *See generally* Docket 83. The Government contends that Magistrate Judge Haigh was required to follow the common practice of denying a motion to suppress as moot when the government agrees not to offer at trial evidence that is the subject of that motion. *Id.* at 3.

While a review of the case law cited by the Government supports that it is common practice to deny a motion to suppress as moot rather than grant the motion when the government agrees not to offer the contested evidence at trial, none of the cases stand for the proposition that a court is required to deny the motion as moot. In fact, the Eighth Circuit noted in one case that "it may have been better for the district court to grant the motion as unopposed or defer ruling until the issue was raised at trial," rather than deny it as moot. *See United States v. Martin*, 15 F.4th 878, 883 (8th Cir. 2021). And another court explained that "as a practical matter, there does not appear to be a significant difference between granting the Motion or denying it as moot based on the government's representation that it will not offer the evidence[.]" *United States v. Mitchell*, No. 08–CR–46–LRR, 2009 WL 36605, at 1 (N.D. Iowa Jan.5, 2009).

The Government has not asserted a genuine concern about Magistrate Judge Haigh's decision to grant the motion to suppress rather than deny it as moot. The Court also considers that the Report and Recommendation did not foreclose reconsideration of the matter should the Government change its

2

mind. Docket 82 (directing "that no evidence obtained from the above referenced search warrants be introduced in evidence without prior notice to the court by the government"). The Court therefore accepts Magistrate Judge Haigh's recommendation that Mr. Chappelle's motion to suppress be granted and that no evidence obtained from the above referenced search warrants be introduced in evidence without prior notice to the Court by the Government.

Accordingly, it is hereby

ORDERED that the Government's objection to the Report and Recommendation, Docket 83, is overruled. It is further

ORDERED that the Report and Recommendation, Docket 82, is adopted. It is further

ORDERED that Mr. Chappelle's motion to suppress, Docket 76, is granted.

Dated May 5, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

3